

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ] |
| **Plaintiff,** | ] |
| v. | ] 5:11-cr-399-KOB-RRA |
| **KINGY OSSARIUS HOLDEN,** **MICHAEL ARNEZ BROWN,** and **MYRON DEWAYNE TIBBS,** | ] |
| **Defendants.** | ] |

## MEMORANDUM OPINION AND ORDER DENYING MOTIONS TO SUPPRESS

This matter comes before the court on "Defendant's First Particularized Motion to Suppress Evidence and Statements Illegally Seized Pursuant to Title III Orders and Brief in Support" (doc. 151), filed by Defendant Kingy Holden; and "Motion to Suppress" (doc. 156), filed by Defendant Michael Arnez Brown. Defendant Myron Tibbs joined in those motions (*see* doc. 174). The government responded (doc. 172).

The court conducted a hearing on July 2, 2012, which these Defendants attended. The court entertained the Defendants' challenges to the allegations that the wiretap orders were issued without the required showing of probable cause and necessity, and that the method of minimization of text messages was improper. The defense withdrew the challenge raised to the sealing of the interceptions.

The court has reviewed Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510–2520; the July 20, 2011 and August 22, 2011 applications for interception of wire communications and supporting affidavits; the orders authorizing the interception of wire

1

communications; and the submissions of parties and related law. Based on that review, the court, on the record in open court, denied the Defendants' motions to suppress. The court specifically found, for the reasons stated on the record, that the Defendants did not poke enough holes in the affidavit upon which the order rests to question the presumption of validity accorded court authorized wire interceptions. *See United States v. Weber*, 808 F.2d 1422, 1424 (11th Cir. 1987). The totality of the circumstances outlined in the affidavit justify Judge Kallon finding both probable cause and necessity for issuing the authorizing order. The other arguments lack specificity and/or legal support.

After announcing the ruling in court, counsel for Defendant Holden raised another challenge to the legal sufficiency of the applications that had not been included in the written motion: neither application contained the letter of authorization from the Attorney General's designee "required to be attached." When realizing that none of the photocopied versions of the application contained the letters referenced in the applications, the court recessed to allow the clerk to check the original documents on file in the vault of the Clerk's Office. Those documents likewise did not contain the referenced letters.

Counsel for the Government requested twenty-four hours to research how to respond, which the court granted.

The hearing reconvened on July 3, 2012 to address the effect of the Government's failure to attach the letter of authorization from the Attorney General. The Government filed a Supplemental Response (doc. 180), attaching the July 18, 2011 and August 18, 2011 letters from the United States Department of Justice authorizing the applications for the wire interceptions at issue.

Relying on 18 U.S.C. § 2518(1)(a), the government argued that it was not required to attach the authorizing letter, but rather, that it was required to include in the application "the identity of the

officer authorizing the investigation." Likewise, the order must set forth the identity of the person authorizing the application. 18 U.S.C. § 2518(4). The application and order of July 20, 2011 both specifically identify Deputy Assistant Attorney General Jason M. Weinstein as the specially designated DOJ official who authorized the application. The Supplemental submission confirms this authorization of the application. The court finds the Government met the requirements of Title III for the July 20, 2011 order.

The subsequent August 22, 2011 application and order raise an additional issue. Like the July 20 application and order, the August 22 application and order reference authorization by Deputy Assistant Attorney General Jason M. Weinstein. However, the Government's supplemental submission reveals that the August 22 application was not authorized by Weinstein, but by Deputy Assistant Attorney General Kenneth Blanco. The defendants argue that this misidentification is fatal and requires the granting of the motion to suppress at least as to the August 22, 2011 wiretap.

As stated on the record, the court disagrees. The Supreme Court has spoken on this issue in *United States v. Chavez*, 416 U.S. 562 (1974). The Court contrasted the situation it addressed in *United States v. Giordano*, 416 U.S. 505 (1974), where the total failure to secure the required approval rendered the interception unlawful, with the situation before it where the application and court order incorrectly identified the assistant attorney general who authorized the application. The Supreme Court held that "[f]ailure to correctly report the identity of the person authorizing the application, however, when in fact the Attorney General has given the required preliminary approval to submit the application, does not represent a similar failure [to *Giordano*] to follow Title III's precautions against the unwarranted use of wiretapping or electronic surveillance and *does not warrant the suppression of evidence* gathered pursuant to a court order resting upon the application."

*Chavez*, 416 U.S. at 571 (emphasis added).

The Court further stated that "we cannot say that misidentification was in any sense the omission of a requirement that must be satisfied if wiretapping or electronic surveillance is to be lawful under Title III." *Id.* at 573.

The Eleventh Circuit has also noted, citing *United States v. Donovan*, 429 U.S. 413 (1977), that not all failures to strictly adhere to the requirements of Title III render an interception "unlawful" and require suppression. *See United States v. Van Horn*, 789 F.2d 1492, 1500 (11th Cir. 1986). The critical focus must be on those requirements of the application relevant to the evaluation the district judge must make to authorize the interception—those listed in § 2518(3)(a–d)—that relate to the probable cause and necessity requirements. Inadvertent failure to completely comply with the remaining requirements for the application do not mandate suppression. *Id.* (holding inadvertent noncompliance with § 2518(1)(e) disclosure requirement did not mandate suppression); *see also Donovan*, 429 U.S. at 435–37 (holding that failure to comply with the requirement of § 2518(1)(b)(iv) to identify all those likely to be overheard did not require suppression.

The misidentification of the authorizing Deputy Assistant Attorney General did not affect probable cause or the necessity of the use of the wiretap in this case. Therefore, the inadvertent misidentification does not mandate suppression.

Therefore, the Motions to Suppress are **DENIED** as stated on the record in open court on July 2 and July 3, 2012.

**DONE** and **ORDERED** this 5th day of July, 2012.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE